UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEZZERIO HOWARD, | ) |
| *Plaintiff*, | ) Case No. 3:22-cv-310 |
| v. | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Jill E. McCook |
| DAPHNE BOWENS and LEE ANN HAMBLIN, | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

Plaintiff, a Tennessee Department of Correction ("TDOC") prisoner, filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1], that is now before the Court for screening. For the reasons set forth below, this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. STANDARD

District courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. COMPLAINT ALLEGATIONS

During the process of Plaintiff's admission to a Morgan County Correctional Complex ("MCCX") "hospital/inf[i]rmary," "[he] was handcuffed, threatened[,] and thrown face down in a John Deer cart [b]y Officer Ellis and another officer" [*Id.* at 5]. Then, in the hospital, Officer Ellis and another officer pulled down Plaintiff's pants and stated "[t]his is going to hurt" [*Id.*]. At that point, without Plaintiff's consent and while he was still handcuffed, Defendant Nurse Hamblin grabbed Plaintiff's penis and shoved a catheter into it, causing "the worst pain [Plaintiff has] ever felt before in [his] life" [*Id.*]. Plaintiff claims that this was sexual assault and violated TDOC policy 502.06 [*Id.*]. Plaintiff believes that Defendant Nurse Bowens and Nurse Frisa were present for this incident [*Id.*]. Plaintiff also believes this incident caused permanent damage [*Id.*]. Plaintiff has sued Nurses Hamblin and Bowers [*Id.* at 1, 3]. As relief, Plaintiff seeks "injunctive relief for medical and psychological help . . . . [and] for use of excessive force," "other relief that [the] [C]ourt deems just and proper," and compensatory damages [*Id.* at 6].

2

### III. ANALYSIS

First, it is apparent from the fact that Plaintiff sued only Defendants Nurse Hamblin and Nurse Bowens that he seeks relief under § 1983 only for Defendant Nurse Hamblin's act of placing a urinary catheter in a manner that caused him pain and injury.[1] However, while Plaintiff generally categorizes this incident as sexual assault, Plaintiff provides no facts from which the Court can plausibly infer that Defendant Nurse Hamblin's act of placing the catheter was sexually, rather than medically, motivated. To the contrary, the complaint asserts that the placement of the catheter occurred in the MCCX infirmary and with multiple jail officials and medical providers present and assisting with the placement of the catheter and/or preparing Plaintiff for that placement, all of which strongly suggests that no Defendant had any sexual intention towards Plaintiff. In short, Plaintiff's conclusory allegations that placement of the catheter was sexual assault do not allow the Court to plausibly infer that this incident amounted sexual assault. Thus, Plaintiff's sexual assault allegations fail to state a claim upon which relief may be granted under § 1983.

Accordingly, the Court now is left with Plaintiff's allegations that the placement of the catheter amounted to excessive force that caused him pain and permanent damage. However, as Plaintiff has not set forth any facts from which the Court can plausibly infer that the placement

---

[1] As set forth above, Plaintiff also alleges in his complaint that he "was . . .thrown face down" into a cart by Officer Ellis and another officer during his admission to the MCCX infirmary [Doc. 1 p. 5]. But Plaintiff did not sue either of these officers. Moreover, Plaintiff provides no facts from which the Court could find that these officers' act of throwing him in the cart was excessive force in violation of the Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) that "[a]n inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim" (internal quotations admitted); *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986).

of the catheter amounted to deliberate indifference to Plaintiff's serious medical need, these allegations also fail to state a claim upon which relief may be granted under § 1983

The denial of constitutionally adequate medical care violates the Eighth Amendment's prohibition against cruel and unusual punishment, which proscribes acts or omissions that produce an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). An Eighth Amendment claim for the denial of adequate medical treatment has two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" medical need; and (2) a subjective component, which requires the plaintiff to show the defendant acted with "deliberate indifference" to that need. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

Negligence cannot demonstrate deliberate indifference, which requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). Thus, to establish an official's deliberate indifference, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (internal quotation marks omitted).

Nothing in Plaintiff's complaint plausibly indicates that Defendant Hamblin's placement of the catheter amounted to deliberate indifference. While Plaintiff alleges that the officers

4

warned him that placement of the catheter would hurt, it is axiomatic that placement of a catheter can be painful. Moreover, while Plaintiff alleges that placement of the catheter caused him severe pain and permanent injury, nothing in the complaint indicates that the infliction of this pain and injury this was deliberate, rather than inadvertent or negligent.

Accordingly, even liberally construing the complaint in Plaintiff's favor, it does not "nudge[] [any claim] across the line from conceivable to plausible," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and it therefore fails to state a claim upon which relief may be granted under § 1983. As such, this action will be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**